JOSEPH LAING ET AL v. SARAH F. CRAIG ET AL.

Decided June 10, 1896.

**Replevy Bond—Firm as Surety—Judgment Against Individual Members.**
   Where a firm name was signed as surety to a replevy bond for sequestered property, it was error to render judgment thereon against individuals as composing such partnership without pleading and proof that the firm was so constituted; and in the absence of a statement of facts the judgment could not be sustained by a presumption that such fact was proved when it was not pleaded.

ERROR to District Court of Wichita County.    Tried below before Hon. GEO. E. MILLER.

*Dickson & Moroney*, for plaintiffs in error.—The court erred in rendering judgment against Jos. Laing and F. O. Brown, because they were not sureties on the replevy bond of N. J. McLeod, nor were they served with citation herein, nor made parties to this suit, nor was there any pleading to authorize any judgment against them. Carlton v. Miller, 2 Texas Civ. App., 619, 623, and cases cited.

*Carrigan* and *Hughes*, for defendant in error.—When parties become sureties on a replevy bond in a sequestration suit, they become defendants in said suit and it is not necessary that notice be served on them before judgment can be rendered against them as sureties on said replevy bond. Rev. Stats., art. 4501; Mills v. Hackett, 65 Texas, 582; Janes v. Reynolds, 2 Texas, 250; Haile v. Oliver, 52 Texas, 446; Watts v. Overstreet, 78 Texas, 578; Voght v. Dorsey, 85 Texas, 91.

The signature of a partnership appearing to replevy bond and judgment by default having been rendered by the court against the principal and the court finds in such judgment that two parties bearing the name of such partnership were sureties on said replevy bond, and renders judgment against them as such, it will be presumed that the court heard evidence as to who constituted said partnership. Buchard v. Cavins, 77 Texas, 366; Donnelly v. Elser, 69 Texas, 286; Mills v. Hackett, 65 Texas, 582; Garner v. Burleson, 26 Texas, 348; Voght v. Dorsey, 85 Texas, 92.

KEY, ASSOCIATE JUSTICE.— *Opinion.*—A judgment was rendered in the court below against the plaintiffs in error, Joseph Laing, F. O. Brown and C. Vanordstrand, as sureties on a replevy bond. The bond was signed thus: "Brown and Laing by J. Laing, N. J. McLeod, C. Vanordstrand." It showed on its face that N. J. McLeod was a principal and the other signers sureties. There is no pleading in the record showing that F. O. Brown and Joseph Laing composed a firm called Brown & Laing, and that by such firm signature to the bond they became individually liable thereon; and this being the case, there is no basis in the record for the judgment against them; and for this reason, and this alone, we reverse the judgment, and remand the cause. It may be that if the names F. O. Brown and Joseph Laing had been signed to the bond, that fact, without any averments in reference thereto, would have made them parties to the suit and entitled Mrs. Craig to judgment against them on the bond. But as their names were not so signed nor stated in the bond, the court could not assume, nor, in the absence of pleading alleging the fact, hear evidence to show, that F. O. Brown and Joseph Laing composed a firm called Brown & Laing. Hence, if we assume (there being no statement of facts) that the existence of such a partnership was shown by proof, such assumption will not sustain the judgment. It being necessary to plead the existence of the partnership, proof of it, without such a plea, would not support the judgment.

*Reversed and remanded.*